UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**DEMONTAE TYREECS MCKINNEY**                                                                    **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 1:25-CV-23-GNS**

**SIMPSON COUNTY** *et al.*                                                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Demontae Tyreecs McKinney initiated the instant *pro se* 42 U.S.C. § 1983 civil-rights action. Upon consideration of Plaintiff's application to proceed without prepayment of fees, **IT IS ORDERED** that the application (DN 3) is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

### I.

Plaintiff initiated this action by filing a non-prisoner complaint form. On the form, he lists Simpson County and the Simpson County Police as Defendants in this action. In the "Basis for Jurisdiction" section of the complaint form, he indicates that he is suing local or state officials under § 1983 asserting that they violated his "right to equal protection." He states that Defendants failed to "proper protect me." In the "Statement of Claim" section of the complaint form, Plaintiff states that on September 31, 2024, at 12:00 p.m., "I called police for help several times and they refused to help me." As relief, Plaintiff seeks damages.

### II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court

must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Moreover, although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Constitutional Violation

The Court construes the complaint as asserting a claim under the Equal Protection Clause of the Fourteenth Amendment. The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F. 3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)). Thus, "[t]he threshold element of an equal protection claim is disparate treatment . . . ." *Miller v. City of Cincinnati*, 622 F.3d 524, 538 (6th Cir. 2010) (quoting *Scarbrough v. Morgan Cnty. Bd. of Ed.*, 470 F.3d 250, 260 (6th Cir. 2006)).

Here, Plaintiff fails to plead disparate treatment; he does not allege the existence of a similarly-situated comparator regarding his vague allegation that the Simpson County "police" failed to respond to his multiple calls for help. Thus, he has not presented sufficient factual matter to state a plausible equal protection claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

### B. Defendant Simpson County

Moreover, even if Plaintiff had stated a constitutional claim, he has not stated such a claim against Defendants. Plaintiff sues Simpson County and the Simpson County Police Force. Because Simpson County does not have a police department, the Court assumes that Plaintiff intended to sue the Simpson County Sheriff's Office. Either way, neither police departments nor sheriff's departments are "persons" subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d

1046, 1049 (6th Cir. 1994) (holding that since the police department is not an entity which may be sued, the county is the proper party); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department is not a legal entity subject to suit under § 1983). Indeed, an action brought against a municipal or county department is construed as brought against the municipality or county itself. *See, e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews*, 35 F.3d at 1049. Thus, Plaintiff's claims against the Simpson County Sheriff's Office are actually against Defendant Simpson County.

To state a claim for relief against Simpson County for his alleged injury, Plaintiff must allege that the injury was "the result of an unconstitutional policy or custom of the County." *Id.*; *see also Monell v. New York City Dep't of Social Servs.* 436 U.S. 658, 694 (1978); *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). Indeed, the policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Thus, because Plaintiff does not allege that his constitutional rights were violated due to a custom or policy of Simpson County, even if he had stated a constitutional claim, his claim against Simpson County would fail.

### IV.

For the reasons set forth herein, the Court will enter a separate Order dismissing this action for failure to state a claim upon which relief may be granted.

Date: February 24, 2025

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4416.011